[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15800
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00360-VEH-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 16, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Jeremy Brown, who conditionally pleaded guilty to assaulting a federal corrections officer, 18 U.S.C. § 111(a)(1), appeals the denial of his motion to dismiss for selective prosecution.  Brown argues that he was prosecuted in retaliation for a civil rights complaint he filed against a correctional officer in a different federal prison and for filing grievances against officials at the Federal Correctional Institution in Talladega.  We affirm.

On denial of a motion to dismiss for selective prosecution, we review findings of fact for clear error and the application of law to those facts de novo.  United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011).  We "give particular deference to credibility determinations of [the district court because it] had the opportunity to see [the] live testimony."  United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012).

"[T]o establish selective prosecution, a defendant must show that [his] prosecution was predicated on a constitutionally impermissible motive, such as on the basis of race or religion, or in retaliation for [his] exercise of constitutional rights."  United States v. Ndiaye, 434 F.3d 1270, 1288 (11th Cir. 2006).  The defendant "bear[s] a 'demanding' burden when seeking to establish that [he] [is] being selectively prosecuted in an unconstitutional manner."  United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000).  "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must

2

present clear evidence to the contrary." Id. (quoting United States v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1486 (1996)). "The requirements for a selective-prosecution claim draw on 'ordinary equal protection standards,'" under which the defendant must prove "that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Armstrong, 517 U.S. at 465, 116 S. Ct. at 1487 (quoting Wayte v. United States, 470 U.S. 598, 608, 105 S. Ct. 1524, 1531 (1985)). In addition, the First Amendment forbids prison officials from retaliating against a prisoner who has complained about actions of a correctional officer. See O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).

The district court did not err by denying Brown's motion to dismiss for selective prosecution. Although Brown was prosecuted for assaulting officers using human waste when other inmates had not been prosecuted for similar misconduct, Brown failed to establish that he was prosecuted in retaliation for his protected activity. Warden John Rathman testified that he referred Brown's case for prosecution because he found it "egregious" and "unacceptable" for inmates to "throw[] feces on [a prison officer's] face." Although Brown introduced testimony from a fellow inmate, Jeremy Pinson, that he was told by Lieutenant James Preston and Assistant Warden Becky Clay that Brown's prosecution was retaliatory, the district court was entitled to discredit Pinson's testimony and to credit Lieutenant

3

Preston's and Assistant Warden Clay's testimony that they never talked to Pinson about Brown. See Lebowitz, 676 F.3d at 1009. Pinson had prior convictions for crimes of dishonesty, such as embezzlement, making a false statement to a United States Marshall, and for threatening to kill a juror and a secret service agent. Pinson also had been diagnosed with schizophrenia and having auditory and visual hallucinations. Brown also complained that his prosecution was in retaliation for grievances that he filed against prison officials in Talladega, but the district court was entitled to reach a contrary conclusion based on the testimonies of Special Agent Preston Leingang and Lieutenant Gregory Smith about Brown's interrogation. Agent Leingang testified that he investigated Brown without any knowledge of his grievances against prison officials, and Lieutenant Smith testified that neither he nor Agent Leingang threatened Brown or told him that he faced additional prison time if he continued to file grievances. The district court was entitled to find that Brown failed to "present clear evidence" to rebut the presumption that his prosecution was not predicated on an impermissible motive. Smith, 231 F.3d at 807.

We **AFFIRM** Brown's conviction.